**SCHABLIK and KNAPP, P.A.**
**35 Waterview Boulevard**
**1st Floor**
**Parsippany, New Jersey 07054**
**(973) 402-9596**
**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOHN B. SHAFER, | : | Hon. Dickinson R. Debevoise, |
| | : | U.S.D.J. |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action** |
| | : | **No. 08-CV-02884 (DRD)** |
| UNITED GENERAL TITLE | : | **Returnable August 17, 2009** |
| INSURANCE COMPANY, FIRST | : | **Oral Argument Requested** |
| AMERICAN CORPORATION, | : | |
| FIRST AMERICAN TITLE | : | |
| INSURANCE COMPANY & | : | |
| GARY KERMOTT | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR**
**RECONSIDERATION**
**OF ORDER DENYING CROSS-MOTION FOR SUMMARY JUDGMENT**

Of Counsel and on Brief:
*Noel E. Schablik, Esq.*

# **TABLE OF CONTENTS**

                                                                      Page

STATEMENT OF FACTS          . . . . . . . . . . . . . . . . . . . . . . . . . . .          1


LEGAL ARGUMENT          . . . . . . . . . . . . . . . . . . . . . . . . . . .          3


POINT I          . . . . . . . . . . . . . . . . . . . . . . . . . . .          3

        THE PLAINTIFF IS ENTITLED TO
        RECONSIDERATION OF THE COURT'S
        ORDER DENYING HIS CROSS-MOTION FOR
        SUMMARY JUDGMENT


CONCLUSION          . . . . . . . . . . . . . . . . . . . . . . . . . . .          12

# TABLE OF AUTHORITIES

## CASES

Page

Borbely v. Nationwide Mutual Ins. Co.
547 F. Supp 959, 966 (D.N.J. 1981) .............................. 6

Emerson Radio Corp. v. Orion Sales, Inc.,
253 F3d 159, 163 (CA3d 2001) ........................... 6

Michaels v. Bookchester, Inc.,
26 N.J. 379, 387, 140 A2d 199 (1958) .................. 6

North River Ins. Co. v. CIGNA Reins. Co.,
52 F.3d 1194, 1218 (3d Cir. 1995) ......................... 3

Resorts, In't v. Greate Bay Hotel & Casino
830 F. Sup. 826, 831 (D.N.J. 1992) ........................... 3, 10

## CITATIONS

L. Civ. R 71.1(f) ......................................... 3

## STATEMENT OF FACTS

_____This matter, in part, involves a dispute over entitlement to a bonus payment

for the year 2007, pursuant to a written employment contract.  The Court has

found the bonus provision within the employment contract to be ambiguous, and

concluded,

> "[E]xamination of the extrinsic evidence and Shafer's
> candid admission revealed the provision 'Bonus to Be
> Determined' to give UGT complete discretion to
> determine the existence and amount of Shafer's bonus in
> any given year.  As a result, it was within UGT's
> discretion to set any amount for Shafer's bonus, and
> therefore he is not entitled to any additional
> compensation.   The compensation package Shafer
> received, which contained a bonus for 2007 in the
> amount of $143,528, in addition to the bonuses received
> in the years preceding his termination, are what was
> owed to him under the terms of the Agreement."

*See* Slip Op, at p.13.

It is submitted, most respectfully, that the Court overlooked dispositive

evidence brought to its attention in opposition to defendant's, United General

Title's (hereafter referred to as "UGT") motion for summary judgment and in

support of plaintiff's cross-motion for summary judgment, which warrants

reconsideration of its order granting defendant's motion and denying plaintiff's

cross-motion..  This dispositive evidence was either admitted or uncontested, was

not recognized or addressed in the Court's opinion and appears to have been

1

inadvertently overlooked.  The plaintiff asks the Court to reconsider its order of July 8, 2009, and grant plaintiff's cross-motion for summary judgment - at least in part, and deny UGT's motion for summary judgment in its entirety.

In particular, the plaintiff asks the Court to consider the context of the plaintiff's deposition testimony from which it concluded the plaintiff candidly admitted that UGT had complete discretion whether to award a bonus and, if so, in what amount; the defendant's admission that the basis of the agreement was to pay the plaintiff a salary and a bonus equal to two percent of pre-tax profit of agency operations under his control; and to reconsider its denial of partial summary judgment awarding the plaintiff money damages for bonus money not paid him in 2007.

## LEGAL ARGUMENT

## 1. THE PLAINTIFF IS ENTITLED TO RECONSIDERATION OF THE COURT'S ORDER DENYING HIS CROSS-MOTION FOR SUMMARY JUDGMENT.

This is a motion for reconsideration of the Court's denial of a portion of the plaintiff's cross-motion for summary judgment, pursuant to L. Civ. R 7.1(f). The plaintiff recognizes that "[I]t is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle." Resorts, Int'l v. Greate Bay Hotel & Casino, 830 F. Sup. 826, 831(D.N.J. 1992). A party seeking reconsideration carries a high burden to show "one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Further, the moving party's arguments must be limited to "'[o]nly dispositive factual matters and controlling decisions of law which were presented to the Court but not considered in the original motion may be the subject of a motion for reconsideration.'". Resorts Int'l., 830 F. Sup. at 831.

The plaintiff respectfully presents the following argument in support of his proffered conclusion that dispositive factual matters, presented in connection with his cross-motion for summary judgment, were not considered on the original

3

cross-motion, and these dispositive factual matters warrant a legal conclusion that plaintiff is entitled to partial summary judgment on his cross-motion awarding damages in the amount of $44,341._____

### 1.1 The Court Overlooked The Plaintiff's Explanation of His Deposition Testimony and Accepted Excerpts Extracted Out of Context.

The plaintiff, in opposition to defendant's motion for summary judgment, argued that the defendants had unfairly extracted from the entire context of his deposition testimony, certain statements which suggested that UGT had absolute discretion whether to award a bonus and, if a bonus was awarded, the amount of that bonus.  The plaintiff's argument in response was that because the employment contract had a one year non-compete clause in the event of voluntary termination, the effect was that the option of voluntary termination had been taken from him and  he had no effective choice other than accept whatever UGT offered him as a bonus, since the alternative would have been at least one year of unemployment.

The Court accepted in its entirety not only the limited excerpt from the plaintiff's deposition but the defendant's conclusory description of the legal effect of these out-of-context statements, i.e., they constituted an admission that UGT had absolute discretion to decide whether to award a bonus and in what amount. Respectfully, it appears that the Court overlooked that portion of the plaintiff's deposition testimony wherein he explained what he meant.  In particular, the

4

plaintiff was asked the following questions and gave the following answers:

> Q.   Did you have any discussions with Joe Drum regarding the bonus compensation for 2006?
>
> A.   Yes.
>
> Q.   Could you tell me the substance of those discussions?
>
> A.   I was very unhappy with what I was provided for and I didn't know what the amount was going to be, I had no idea what my bonus plan was but I signed a three year contract with one year non-compete language, so I was stuck and couldn't go anywhere. ***Once they had me sign the contract for three years they could determine anything they wanted to, knowing I couldn't go anywhere because of the non-compete for one year.*** (Emphasis added.)

*See* Schablik Certification, Exhibit F, at p. 44.7 to .22.[1]

The above cited language lends context to the statements attributed to the plaintiff. Clearly, the plaintiff never said that it was his opinion that the defendant lawfully could do anything in its discretion with respect to awarding him a bonus. What he said, when viewed in the context of the entirety of his deposition, is that he was in a position of economic vulnerability and had no strength to argue his position. The contract contained a one year non-compete clause, which effectively would have forced him to remain unemployed for one year following his voluntary

---

[1]"Schablik Certification" refers to the certification of Noel E. Schablik and exhibits annexed thereto, filed in opposition to defendant's motion for summary judgment and in support of plaintiff's cross-motion for summary judgment.

termination from employment by UGT.  Thus, UGT "could determine anything they wanted to, knowing I couldn't go anywhere because of the non-compete for one year."

The significance of this oversight is monumental. Had he Court recognized Shafer's position on the issue, the ineluctable conclusions would have been that there was a dispute of fact as to what the parties understood the ambiguous bonus language to mean, the matter would have to be submitted to the trier of fact and summary judgment would have been denied. See Emerson Radio Corp. v Orion Sales, Inc., Inc., 253 F3d 159, 163 (CA3d 2001) ("It is hornbook law that if the relevant terms in a contract are ambiguous, the issue must go to a jury.") and Borbely v Nationwide Mutual Ins. Co., 547 F. Supp 959, 966 (D.N.J. 1981)("'Ordinarily the construction of a written agreement is a matter for the court, but where its meaning is uncertain or ambiguous and depends on parol evidence admitted in aid of interpretation, the meaning of the doubtful provision should be left to the jury.' Michaels v Bookchester, Inc., 26 N.J. 379, 387, 140 A2d 199 (1958) (citations omitted).'")

The plaintiff respectfully suggests that it was an oversight not to consider the context of his deposition testimony wherein he explained what he meant in saying UGT could do whatever it wanted. When viewed in context, the statements

attributed to plaintiff were clearly qualified and limited, and not intended to admit UGT had absolute discretion whether to award a bonus and in what amount. Thus, there was a genuine dispute as to a material fact which required submission to a jury and defendant's motion for summary judgment should have been denied.

### 1.2 Construction of The Bonus Provision

The Court has construed the bonus clause to mean that defendant, UGT had complete discretion to pay plaintiff any amount it wanted. This conclusion is contrary to the unchallenged deposition testimony of UGT's CEO, Joe Drum, who unequivocally testified as an agent of UGT that, ***"as I explained to John, he was to receive two percent of the pre-tax profit for the territory over which he presided,"*** in response to a question asking about his understanding of the meaning of the ambiguous words "Bonus to be determined," appearing in ¶ 3A of the employment contract. *See* transcript of deposition of Joe Drum, UGT's Chief Executive Officer, annexed to Schablik Certification at Exhibit D, at p. 14.15 to .22.

According to Drum, he had this conversation with the plaintiff months before he presented and they signed the contract, in the context of telling the plaintiff that he, Drum, was:

> [C]hanging the bonus, the management bonus
> structure at UGT in agency from a subjective

7

bonus to one purely objective, based on profitability.

***Id.***, at 14.23 to 15.8.

It was, and remains clear to Joe Drum, UGT's CEO and **the only person who was involved in preparing and presenting the written contract to the plaintiff**, that John Shafer was offered and accepted a salary and a bonus of "two-percent of the pre-tax profit for the territory over which he presided."  Drum never took the position that UGT had absolute discretion whether or not to award a bonus and that never was his understanding of the employment agreement. Rather, Drum's understanding was and is that there was a mutually accepted contract pursuant to which John Shafer would receive a salary and a bonus of two-percent of the pre-tax profit for the areas over which he presided.

It is respectfully submitted that once the plaintiff's arguments concerning the meaning of the bonus clause were rejected, then Drum's testimony is dispositive of the "ambiguous" terms of the bonus provision. This position was alternatively argued by the plaintiff in support of his cross-motion for summary judgment.  *See* Pb.[2] at pp. 13-15 and Point V, at pp. 30-31.   Given Drum's testimony concerning what the contract was intended to provide with respect to

---

[2]"Pb" refers to plaintiff's brief in opposition to defendant's motion for summary judgment and in support of plaintiff's cross-motion for summary judgment.

8

bonus payments, the bonus provision simply cannot be construed to provide absolute discretion in UGT whether to award a bonus and in what amount.

It appears the Court overlooked this argument and the admissions cited in Joe Drum's deposition testimony. Failure to recognize this testimony and give it appropriate legal effect has resulted in clear error and manifest injustice that must be corrected.

### 1.3 EXCLUSION OF RESULTS OF START-UP LOSING OPERATIONS AND THE RESULTS OF TALON PA  AND TALON NY

Joe Drum, defendant's CEO, testified that the agreement with plaintiff was that he would receive a bonus in 2007 (payable in 2008) based upon 2% of pre-tax profit of operations over which the plaintiff had responsibility, and that the plaintiff had responsibility for Talon PA and Talon NY (excepting White Plains) during a portion of 2007.  *See,* Schablik Certification at Exhibit D at pp. 44.18 to 45.11. In calculating the plaintiff's 2007 bonus, however, the defendants failed to give Shafer any credit for the partial year's results (9/1 to 12/31/07) for Talon PA and Talon NY (excluding White Plains). The net effect on the calculation of plaintiff's bonus at 2% was a loss of $27,810.  *See,* Shafer Certification at ¶¶ *43-45.*[3]

---

[3]"Shafer Certification" refers to the certification of John B. Shafer, and exhibits thereto, filed in opposition to defendant's motion for summary judgment and in support of the plaintiff's cross-motion for summary judgment.

Further, John Shafer's unopposed statement was that in calculating an agency manager's bonus, it was the practice within UGT and industry-wide to omit negative results of start-up agency operations. *See* Shafer Certification, at ¶¶ 39-42. However, in calculating plaintiff's 2007 bonus, defendants inappropriately included the negative results of start-up operations which had the effect of reducing his bonus calculation by an additional $16,531.

Thus, the actual impact on defendants' 2007 "2% bonus" of exclusion of the results of operations for Talon PA and Talon NY from September 1 through December 31, 2007 and inclusion of the negative results of start-up operations, was a shortage of $44,341, i.e., $16,531 + $27,810 = $44,341. *See* Pb at pp. 30-31; Shafer Certification at ¶¶ 39 - 45 and Exhibits C and D.

The plaintiff's argument that his 2007 bonus computation was under-calculated by $44,341, was factually unopposed. The Court was presented with a record showing that the only person who negotiated and executed the contract on behalf of UGT understood it to provide for a 2% bonus on pre-tax agency profit. That same person, Joe Drum, admitted that the plaintiff was responsible for Talon PA and Talon NY (with the exclusion of White Plains) for a portion of 2007, and failed to deny plaintiff's affirmative statement that his period of responsibility for these areas ran from September 1 through December 31, 2007.

10

The Court appears to have overlooked "dispositive factual matters * * * which were presented to the Court but not considered in the original motion . . ." Resorts Intern, Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Sup. 826, 831 (DNJ 1992). Accepting as true the defendant's CEO's testimony that he implemented a policy many months before the employment contract was signed that the plaintiff's bonus would be calculated on the basis of 2% of pre-tax agency profits, the conclusion is inescapable that the plaintiff's 2007 bonus was not properly calculated and he was shorted by $44,341.

## CONCLUSION

The plaintiff respectfully submits that the Court's order granting defendant's motion for summary judgment and denying his cross-motion for summary judgment must be reconsidered in light of the dispositive facts which were overlooked. It is further respectfully submitted that the order denying plaintiff's cross-motion for summary judgment should be modified and corrected to provide for a damage award in favor of plaintiff against defendant in the amount of $44,341.

Respectfully submitted,

_____**SCHABLIK and KNAPP, P.A.**


_____BY: _____

_____**NOEL E. SCHABLIK, ESQ.**
July 15, 2009_____

12