

Schablik AND Knapp, P.A.
ATTORNEYS AT LAW
35 Waterview Boulevard, 1st Floor, Parsippany, NJ 07054
T: 973-402-9596 ◼ F: 973-402-9597 ◼ www.schablikknapp.com

Noel E. Schablik*
nes@schablikknapp.com

October 8, 2009



*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

John T. Knapp
jknapp@schablikknapp.com
**VIA E-FILING**
Hon. Dickinson R. Debevoise, U.S.D.J.
c/o William T. Walsh, Clerk
U.S. District Court
District of New Jersey
M.L. King, Jr. Federal Bldg. and Courthouse
50 Walnut Street
Newark, NJ 07101

> **RE:   Shafer v. United General Title Insurance Company, et al.**
> **Civil Action No. 08-02884 (DRD)**

Dear Judge Debevoise:

We represent the plaintiff, John B. Shafer in this matter. I submit this letter memorandum and my supporting Certification in opposition to defense counsel's application for an award of fees and costs. Counsel's submission was made by letter brief and the supporting Certification of Theresa A. Kelly, Esq. with exhibits, filed on October 6, 2009.

**I.   Defendants, First American Corporation, First American Title Insurance Company and Gary Kermott are not entitled to an award of attorneys' fees.**

As correctly pointed out, John B. Shafer signed an employment agreement with defendant, United General Title Insurance Company, having an effective date of November 22, 2005. That contract provides that in the event of litigation the prevailing party "shall be paid by the other party its reasonable attorneys' fees as well as court costs, all as determined by the court and not a jury." (See Exhibit C to Kelly letter memorandum dated October 6, 2009.) There are only two signatories to the contract, defendant, United General Title

Insurance Company and the plaintiff, John B. Shafer. Significantly, none of the other defendants, First American Corporation, First American Title Insurance Company and Gary Kermott, is a signatory to or intended beneficiary of the contract.

Throughout this matter, Day Pitney, LLP has represented all defendants, including United General Title Insurance Company, First American Corporation, First American Title Insurance Company and Gary Kermott. Only one of the represented defendants was a signatory to the agreement, that being United General Title Insurance Company. The remaining three defendants, as noted above, are neither signatories to nor intended beneficiaries of the contract and its attorney fee provision. Thus, only one of the four defendants (United General Title Insurance Company) may claim an award of fees and costs under the contract.

In all probability, it would be impossible for counsel to allocate fees and costs among each defendant. Nevertheless, each defendant benefitted from counsel's representation and the expenses incurred in defense of this lawsuit. Because each of the defendants benefitted equally from counsel's representation, the only equitable way to address the motion is to consider an award of attorneys' fees in favor of United General Title Insurance Company, based on a total fee application of twenty-five percent or 1/4 of the fees and expenses requested.

Paragraph 9 of the Kelly Certification indicates, "total amount of attorneys' fees billed to defendants is $111,045." Paragraph 10 of that same Certification indicates, "the total amount of costs billed to defendants in this matter is $4,581.52." Paragraph 11 of that

same Certification indicates, "the total amount of fees and costs requested by defendants is $115,626.52." It is thus clear that attorneys' fees were billed to all defendants as were costs. Since only one out of the four defendants is entitled to an award of attorneys' fees and costs, the application should be viewed, at best, as requesting a total award of $28,906.63. This suggested starting point is computed by multiplying the total amount of fees and costs incurred by all defendants by 25%, i.e., $115,626.52 x 25% = $28,906.63.

## II. No attorneys fees should be allowed due to counsel's failure to comply with L. CIV. R. 54.2.

Local Civil Rule 54.2 prescribes the manner and form by which counsel may apply for an award of attorney's fees and expenses. **L. Civ. R.**54.2(a) specifically provides as follows:

> (a) Affidavits: Content In all actions in which a counsel fee is allowed by the Court or permitted by statute, an attorney seeking compensation for services or reimbursement of necessary expenses shall file with the Court an affidavit within thirty days of the entry of judgment or order, unless extended by the Court, setting forth the following:
>
>> (1) the nature of the services rendered, the amount of the estate or fund in Court, if any, the responsibility assumed, the results obtained, any particular novelty or difficulty about the matter, and other factors pertinent to the evaluation of the services rendered;
>> (2) *a record of the dates of services rendered*;
>> (3) *a description of the services rendered on each such dates by each person of that firm including the identity of the person rendering the service and a brief description of that person's professional experience*;
>> (4) *the time spent in rendering each of such service*;and
>> (5) the normal billing rate for each of said persons for the type of work performed.

Schablik AND Knapp, P.A.
ATTORNEYS AT LAW

3

> The time spent by each individual performing services shall be totaled at the end of the affidavit. Computerized time sheets, to the extent that they reflect the above, may be utilized and attached to any such affidavit showing the time units expended. Reimbursement for actual, not estimated, expenses may be granted if properly itemized.

(Emphasis supplied.)

Counsel's application for an award of fees is not in compliance with **L. Civ. R.**54.2, the purpose of which is to permit the Court and the objecting party to determine whether or not the amount of fees requested is reasonable and necessary under the circumstances. Here, there is no way to correlate the amount of time and fees incurred with the work performed. Thus, there is no way that anyone can determine whether or not the fees requested are reasonable, a prerequisite to an award of fees. *See* generally, Hensley v. Eckerhart, 461 U.S. 424 (1983).

It is the burden of the attorney seeking compensation to show the reasonableness of the fees requested. Posa v. East Orange, 2005 U.S. Dist. LEXIS 20060 (D.N.J. September 7, 2005). "To the extent the affidavit [in support of a fee application] leaves any doubt as to the amount of fees to be awarded, these doubts shall be resolved against an award fees. This is because the party seeking to recover attorneys' fees bears the burden of establishing its right to them." Veneziano v. Long Island Pipe Fabrication & Supply Corp., 283 F. Sup. 2d 683, 695 (D.N.J. 2002), Aff'd 79 Fed. Appx. 506 (3d Cir. 2003).

Here, for example, it would be argued that counsel's fees charged and expenses incurred in connection with defendants' motion to remove the case from state court to federal court should not be allowed. The reason for this is the lack of necessity of removing

an initially state court filed action to the federal court. Other potentially similar instances of unnecessary fees can only be revealed upon review of an application in compliance with **L. Civ. R.**54.2(a). Since counsel's submission fails to permit the court and plaintiff's counsel the opportunity to review the fee application for reasonableness, it should be denied in its entirety.

### III. Defendants' application fails to comply with Fed. R. Civ. Pro. 54 and is now time barred.

**Fed. R. Civ. Pro.** 54(d)(2), prescribes that:

> **(A) Claim to be By Motion.** Claims for attorney's fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
> **(B) Timing and Contents of the Motion.** Unless a statute or court order provides otherwise, the motion must:
> (i) be filed no later than 14 days after entry of judgment;

**L. Civ. R.**54.2(A) provides that once the motion is filed, the applicant may file the required supporting affidavit within thirty days of entry of the judgment or order. The direction that the application be by motion is mandatory, i.e., "shall be made by motion." There is no exception for a submission. Moreover, the motion must be filed within fourteen days of entry of the judgment.

Counsel has failed to comply with **Fed. R. Civ. Pro.**54(d)(2), thus depriving this court of jurisdiction to entertain defendants' application for attorneys' fees. The rule mandates that the application be initiated by motion and not by submission..

Moreover, the motion for an award of fees and costs must be made within fourteen

days of entry of the order denying plaintiff's motion for reconsideration. Your Honor's Order denying reconsideration was filed on September 21, 2009. The last day to file a motion for an award of attorneys' fees and costs was fourteen days later, on Monday, October 5, 2009. Counsel's submission was not filed until October 6, 2009, fifteen days after entry of the order denying reconsideration. Thus, even if the Court were to consider counsel's submission to be the equivalent of a motion, it was filed out of time and cannot not be considered.

## CONCLUSION

Defendants have failed to properly move for an award of attorneys' fees and costs pursuant to **Fed. R. Civ. Pro.** 54 and **L. Civ. R.** 54, resulting in an inability to appraise the reasonableness of the fees and costs requested. Moreover, any proper application now is time barred.

To the extent the Court determines defendants' application to have been timely and properly submitted, it is clear only one of the four defendants has any contractual right to an award of fees and costs. Accordingly, counsel's total application for fees and costs should be limited to $28,906.63. Again, since there is no way to appraise the reasonableness of this reduced request, counsel's application must be denied.

Respectfully submitted,

SCHABLIK and KNAPP, P.A.

BY: _____
NOEL E. SCHABLIK, ESQ.

NES/id
cc:   Theresa A. Kelly, Esq., via email