<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN B. SHAFER,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED GENERAL TITLE INSURANCE COMPANY, ET AL.<br><br>                    Defendants. | Civ. No. 08-02884 (DRD)<br><br><br><br>**O P I N I O N** |

*Appearances by:*

SCHABLIK & KNAPP, P.A.
by: Noel E. Schablik, Esq.
35 Waterview Boulevard, 1st Floor
Parsippany, NJ 07054

    *Attorneys for Plaintiff*

DAY PITNEY, LLP
by: Theresa A. Kelly, Esq.
P.O. Box 1945
Morristown, NJ 07962

    *Attorneys for Defendants*

<u>**DEBEVOISE, Senior District Judge**</u>

    Having prevailed in a lawsuit that Plaintiff, John B. Shafer, had brought against them,

Defendants, United General Title Insurance Company ("UGT"), First American Corporation,

First American Title Insurance Company, and Gary Kermott apply to recover attorneys' fees and

costs pursuant to an employment agreement with Mr. Shafer. These fees were incurred in that lawsuit that arose out of Mr. Shafer's employment contract with UGT. Mr. Shafer contends that the application for fees should be rejected for failing to comply with Federal Rule of Civil Procedure 54(d)(2) and, alternatively, that only 25% of the fees sought should be awarded as only one of the four defendants was a party to the employment contract that authorized the fees.

## I. BACKGROUND

In his Complaint, Mr. Shafer alleged that the four Defendants, UGT, First American Corporation, First American Title Insurance Company, and Gary Kermott,[1] breached his employment agreement by withholding bonus payments and employee benefits of medical insurance and vacation allowances. The claims against First American Corporation, First American Title Insurance Company, and Gary Kermott were dismissed, as Mr. Shafer represented that he wished to abandon them. On July 7, 2009, the Court granted a summary judgment motion in favor of the remaining Defendant, UGT, on all Counts of the Complaint.[2]

---

[1] The four Defendants have been represented jointly throughout this case.

[2] The fact that Defendants prevailed on substantive grounds and were granted summary judgment dismissing Plaintiff's claims serves as an important distinction between this case and a previous matter in which the Court found that a fee petition could not be asserted pursuant to Rule 54(d). See Sokoloff v. Gen. Nutrition Cos., Inc., 2001 WL 536072 (D.N.J. 2001). The Court noted in that case that "[u]nder New Jersey law, a claim for attorneys' fees pursuant to a contractual agreement is an element of damages that must be pleaded and proved at trial." Id. at * 7 (citations omitted). Therefore, it held that "the text of Rule 54(d)(2)(A) prevents this Court from determining this contested contractual fee-shifting claim under the Franchise Agreement by motion because 'the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.'" Id. (quoting Fed. R. Civ. P. 54(d)(2)(A)). Importantly, the contractual claims in that case were not resolved, but rather were voluntarily dismissed. The Court noted as much, stating "defendants could not assert that they were 'prevailing parties' under the Franchise Agreement until th[at] case was resolved, and defendants cannot be found to be 'prevailing parties' as intended in the contract until a court interprets that contract, which this Court does not now do." Id. In contrast, the contract at issue in this case has already been interpreted: the Court granted summary judgment in favor of Defendants on July 7, 2009, and reiterated that holding on September 17, 2009 while denying Plaintiff's motion for reconsideration. Thus, the Defendants' entitlement to attorneys' fees and costs as provided for in the contract has already been proven as required by Rule 54(d)(2), and the Defendants need not

Plaintiff, Mr. Shafer, then filed a motion for reconsideration, which was denied on September 17, 2009.

On October 6, 2009, Defendants filed an application seeking reimbursement under a provision in the employment agreement. This provision provides for reasonable attorneys' fees to be paid to the prevailing party in any suit seeking to enforce the terms of the contract. The provision reads:

> If any party finds it necessary to employ legal counsel or to bring an action at law or other proceedings against the other party to enforce any of the terms hereof, the party prevailing in any such action or other proceedings shall be paid by the other party its reasonable attorneys' fees as well as court costs, all as determined by the court and not a jury.

(Def.s' Br. Supp. Mot. Fees 1.) In opposition to the Defendants' application for these fees, Mr. Shafer raises two arguments.[3] First, Mr. Shafer claims that Defendants failed to apply for fees in compliance with Federal Rule of Civil Procedure 54(d)(2), because this rule requires a claim for attorney's fees to be made within 14 days and be made by motion. Second, Mr. Shafer claims that, at most, only one fourth of the fees should be awarded because only one of the four

---

assert their claim for that relief by means of a separate proceeding. Doing so would add an unnecessary procedural step, and would run contrary to New Jersey law. See Cohen v. Fair Lawn Diaries, Inc., 210 A.2d 73, 74 (N.J. 1965) (In matters where the "proceeding before the trial court dealt mainly with other substantive issues and only incidentally with the matter of counsel fee, an affidavit of services ha[s] been filed by the attorney for the plaintiffs, and the attorney for the [party from whom fees are sought] voice[s] no objection to this procedure…. there [is] generally [] no reason for requiring plenary proof, provided the record before the trial court, including the affidavit of services, is sufficiently complete to enable it to reach a fair determination as to the extent of the legal services rendered and the reasonable value to be paid pursuant to the contractual provision.").

[3] Mr. Shafer's opposition letter presented a third argument claiming Defendants have not complied with Local Civil Rule 54.2(a) because a record of the dates of services rendered, description of the services rendered, and the time spent in rendering each of the services had not yet been submitted. The Court, on December 7, 2009, ordered a supplemental filing disclosing the information required by Local Civil Rule 54.2(a) and Defendants timely and fully complied with this order. Thus this argument will not be addressed.

Defendants was a party to the employment agreement that authorizes the payment of the attorneys' fees.

## II.   DISCUSSION

### A.  Plaintiff's Claim of Rule 54(d)(2) Non-Compliance

Mr. Shafer's first argument states that no attorneys' fees should be awarded to the Defendants due to a failure to comply with Federal Rule of Civil Procedure 54.2(d)(2).  In relevant part, Rule 54(d)(2) states that:

> (A) *Claim to Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> (B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:
> (i) be filed no later than 14 days after the entry of judgment;

Mr. Shafer claims that this rule has not been complied with on two grounds.  First, Mr. Shafer notes that Rule 54(d)(2)(A) requires that a claim for attorneys' fees "must be made by motion" and that the letter-brief submitted by Defendants on October 6, 2009 is not a "motion" within the meaning of Rule 54(d)(2).  Second, Mr. Shafer claims that the motion was not filed within 14 days of judgment.

The Federal Rules of Civil Procedure define the term 'motion' in Rule 7(b)(1).  The rule states:

> (1) In General.
> A request for a court order must be made by motion. The motion must:
>     (A) be in writing unless made during a hearing or trial;
>     (B) state with particularity the grounds for seeking the order; and
>     (C) state the relief sought.

By this definition, the October 6th letter meets all the necessary requirements of a motion.  The letter is certainly in writing, satisfying Rule 7(b)(1)(A).  Also, the letter-brief states the grounds for seeking the order with particularity.  In the letter, Defendants claim the right to attorneys'

4

fees based on a provision of the employment contract between Mr. Shafer and UGT. (Def.s' Br. Supp. Mot. Fees 1.) Finally, the letter plainly states the relief sought. The letter provides that "defendants respectfully request that the Court award attorney's fees and costs . . . ." (Def.s' Br. Supp. Mot. Fees 3.)

Mr. Shafer also claims that even if the letter does constitute a motion, the motion was time barred as it was not "filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). According to Mr. Shafer, Defendants filed the motion 15 days after the entry of judgment, which was outside the time limit. This argument fails, however, as Local Civil Rule 54.2 is considered a standing order extending the filing period to 30 days. United Auto Workers Local 259 v. Metro Auto Ctr., 501 F.3d 283, 286 (3d Cir. 2007). Thus, Mr. Shafer's argument, being based on a 15 day period between entry of judgment and filing, is without merit.

**B. Plaintiff's Contention that only 25% of Fees are Appropriate**

The next argument presented by Mr. Shafer claims that Defendants are entitled to a maximum of 25% of the attorneys' fees requested. This argument is based on the claim that only one of the four defendants, UGT, was a party to the contract containing the attorneys' fees provision, and thus only fees attributable to UGT can be recovered.

Plaintiff's argument that only some percentage of attorneys' fees is recoverable by Defendants cannot be sustained. First, Plaintiff himself has claimed that, besides UGT, two of the three other Defendants became a party to the contract. In his Complaint, Plaintiff alleged that "[p]ursuant to a series of transactions, defendants, First American Corporation . . . and First American Title Insurance Company . . . assumed or otherwise became legally responsible for the obligations of [UGT] under the Employment Agreement." (Compl. ¶ 12.) This previous position is directly contradictory to Mr. Shafer's current position. Taking into account Mr.

5

Shafer's Complaint, a maximum of 75% of the fees would be appropriate under the theory of apportionment he presents.

The apportionment theory set forth by Mr. Shafer need not even be considered, however. The Defendants were represented by the same counsel in this matter and Mr. Shafer abandoned his claims against all Defendants but UGT early on in the litigation. As a practical matter, this suit was solely brought against UGT. Mr. Shafer has not claimed that any fees are specifically attributable to the defense of one Defendant while not being specifically attributable to UGT. UGT would have required the same legal services that it required in this case whether it was sued alone or with three other defendants. Thus all reasonable fees will be recoverable.

**C. Reasonableness of the Requested Attorneys' Fees**

The attorneys' fees provision of Mr. Shafer's employment contract with UGT requires that the "reasonable attorneys' fees as well as court costs" will be paid to the prevailing party of any action to enforce the terms of this contract. (Def.s' Br. Supp. Mot. Fees 1.) The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of both the hours worked and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Defendants have submitted evidence of the reasonableness of the number of hours and the hourly rate billed. This being established, the burden shifts to "the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended." Apple Corps. v. Int'l Collectors Soc'y, 25 F. Supp. 2d 480, 485 (D.N.J. 1998).

In his opposition to Defendants application for fees, Mr. Shafer states that he could not determine the reasonableness of any fees without additional information, including the record of the dates of services rendered, the description of the services rendered, and the time spent in rendering each of the services. (Pl.'s Br. Opp'n Mot. Fees 4.) After receiving this information,

however, he has not challenged the reasonableness of any of the fees, instead relying on his arguments regarding entitlement to fees in general.  Thus the Court accepts the amount of fees set forth by Defendants as a court may not "decrease a fee award based on factors not raised at all by the adverse party."  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees and costs will be granted.  Attorneys' fees of $129,573.30 and costs of $4,680.76 are hereby awarded to Defendants.

The Court will enter an order implementing this opinion.


                                  **s/ Dickinson R. Debevoise**
                                  DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: March 3, 2010